UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANA STINSON LOPEZ, | Case No. 3:24-cv-05773-TMC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS |
| v. | |
| NUTEX HEALTH ET AL, | |
| Defendant. | |

## I.     INTRODUCTION

Before the Court is Defendant Nutex Health, Inc., Defendant Nutex Health Holdco, LLC, and Defendant Procare Health, Inc.'s partial motion to dismiss. For the following reasons, the motion is DENIED in part and GRANTED in part. Plaintiff Dana Stinson Lopez is also granted leave to amend her complaint within 21 days after the filing of this order.

## II.     BACKGROUND

According to her complaint, Lopez began working for Defendants as a Utilization Review Nurse on July 12, 2021. Dkt. 1-2 ¶ 1.2–1.3, 3.2. Lopez is a licensed vocational nurse. Dkt. 1-2 ¶ 3.6. While working at Nutex, she reported to Anh Nguyen as her supervisor. *Id.* ¶ 3.4. In January 2022, Lopez moved to Clallam County, Washington where she continued her employment. *Id.* ¶ 3.5.

Lopez alleges that Anh Nguyen required she "be on-call 24/7 for text messages, phone calls and emails related to her position as a Nurse Reviewer," which required she be available on weekends and holidays. *Id.* ¶¶ 3.13, 3.17. Lopez was also required to respond within 30 minutes to any work text, phone call, email. *Id.* ¶ 3.14 Because of these demands, Lopez was limited in how she could spend her non-working time and where she could travel because she "always need[ed] access to Wifi" and had to bring "her work equipment (laptop, cell phone) with her." *Id.* ¶ 3.15. Even though Lopez's hours were 8AM to 5PM from Monday to Friday, she did not take mid-shift breaks or lunch breaks during the scheduled workday. *Id.* ¶¶ 3.18–3.21. Lopez asserts that "Defendants [have] not paid Plaintiff ever" for any after-hours or overtime work. *Id.* ¶¶ 3.22–3.24.

Around February 14, 2024, Lopez alleges that Nguyen requested that Lopez allow another person to work under her vocational nurse license. *Id.* ¶ 3.34. Lopez refused, and after her refusal, Lopez alleges Nguyen began disparaging Lopez to other employees. *Id.* ¶¶ 3.34–3.35.

Lopez later requested paid leave for a medical condition on March 28, 2024. *Id.* ¶ 3.27. She was approved for medical leave under the federal Family Medical Leave Act (FMLA). *Id.* ¶¶ 3.28. She was not advised about her right to possible leave under the Washington Paid Family Medical Leave ACT (PFMLA) that was available to her. *Id.* ¶¶ 3.28–3.29. Lopez asserts that Nguyen knew Lopez could possibly use PFMLA leave—which would have given her the option of receiving payment while on leave—but still required that Lopez use paid time off under the FMLA. *Id.* ¶¶ 3.30–3.31.

Lopez alleges that, once she returned from medical leave on April 28, 2024, Nguyen "immediately began reducing her workload, job assignments and limited her from helping other nurse reviewers." *Id.* ¶ 3.32. A few days later, Lopez asked Nguyen for a copy of her personnel

records, and she was informed that they did not have one for her. *Id.* ¶¶ 3.25–3.26. Nguyen's "harassment and workload reductions worsened after she asked for her personnel file," and Lopez was "constantly criticize[d] and harasse[d] [] through email and text messages." *Id.* ¶¶ 3.33, 3.37. Lopez alleges these actions were due to her requesting medical leave and that the harassment has affected the terms and conditions of her employment. *Id.* ¶¶ 3.39–3.40.

Lopez brings four claims against Defendants for violations of the Washington Industrial Welfare Act, RCW 49.12.150; the Washington Minimum Wage Act, RCW 49.46.090; and the Washington Wage Rebate Act, RCW 49.52.070. *Id.* ¶¶ 4.1–4.7; 5.1–5.7; 6.1–6.3, 7.1–7.3. Lopez also asserts a claim against Defendants for wrongfully withholding an employee personnel file in violation of RCW 49.12.250. *Id.* ¶¶ 8.1–8.3. Lopez raises two claims against Defendants for retaliation and hostile work environment in violation of the FMLA, 29 U.S.C. § 2617, and Washington PFMLA, RCW 50A.40.030. *Id.* ¶¶ 9.1–9.3; 10.1–10.3.

Lopez initially filed her lawsuit in Clallam County Superior Court and Defendants removed the case to this Court based on diversity and federal question jurisdiction. Dkt. 1 at 3–9; *see* 28 U.S.C. § 1441(b)-(c). Defendants moved to dismiss or strike Lopez's personnel file claim and her request for emotional distress damages for all claims under Federal Rule of Civil Procedure 12(b)(6) or 12(f). Dkt. 10. Lopez responded, Dkt. 11, and Defendants replied, Dkt. 15. The motion is ripe for the Court's consideration.

### III.    JURISDICTION

The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. Lopez asserts that she is entitled to damages for unpaid wages for a period of at least two years and eleven months, exemplary damages under RCW 49.52.070, emotional distress damages, reasonable attorney's fees and costs, and prejudgment interest. Dkt 1-2 at 13. The

1   amount in controversy exceeds $75,000 as damages for unpaid wages alone would satisfy the

2   minimum threshold. *See* Dkt 1-2 ¶ 3.24; Dkt. 1 at 6. Furthermore, as provided in Lopez's

3   complaint and in Defendants' corporate disclosure statements, parties are citizens of different

4   states, establishing complete diversity. *See* Dkt. 1-2 ¶ 3.5; Dkt. 4; Dkt. 5; Dkt. 6. Lopez does not

5   dispute the amount in controversy. Accordingly, the Court has jurisdiction under 28 U.S.C.

6   § 1332(a)(1).

7                              **IV.    DISCUSSION**

8   **A.    Motion to Dismiss Legal Standard**

9         Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and

10  plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of

11  Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon

12  which relief can be granted." Complaints may be dismissed under Rule 12(b)(6) for either the

13  lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

14  legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)

15  (citation omitted).

16        To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual

17  allegations," *Twombly*, 550 U.S. at 555, but "must contain sufficient factual matter, accepted as

18  true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764,

19  773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially

20  plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable

21  inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at

22  678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more

23  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

24  not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS - 4

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr.*, 768 F.3d at 945. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.    Motion to Strike Legal Standard**

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" sua sponte or on motion by a party. Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd* on other grounds, 510 U.S. 517 (1994)). Rule 15(a) requires that when the deadline for an amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).

**C.    Administrative Exhaustion**

Defendants argue that Lopez's personnel file claim must be "dismissed for failure to exhaust administrative remedies because she did not plead facts showing that she filed a complaint with the Washington Department Labor and Industries before filing a judicial action as required by law." Dkt. 10 at 1.

Because [t]he Department of Labor and Industries (DLI) "has enforcement authority over" personnel file claims arising under RCW 49.12.250, plaintiffs "first have to pursue an administrative request through DLI before seeking a judicial remedy from the court." *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 731, 425 P.3d 837 (2018). But "[t]he failure to exhaust

administrative remedies is an affirmative defense on which the defendant bears the burden of proof." *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (citation omitted); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("[P]laintiffs ordinarily need not plead on the subject of an anticipated affirmative defense. . . . When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss.") (cleaned up)). Thus, a motion to dismiss based on a failure-to-exhaust defense can only be granted "if the defense is 'clearly indicated' and 'appear[s] on the face of the pleading.'" *Harris v. Amgen, Inc.*, 717 F.3d 1042, 1060 (9th Cir. 2013) (first citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004); then citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Defendants argue that "just like the Plaintiff in *Martin*, Lopez did not plead any facts indicating that she had attempted to file a complaint regarding her personnel file with the [DLI]." Dkt. 10 at 5–6. Defendants further assert that Lopez's only allegations are that she requested her personnel file from Nguyen and was told that no such personnel file existed. *Id.* Defendants thus conclude that "Plaintiff's personnel file claim should be dismissed under FRCP 12(b)(6) because she has failed to plead (and cannot presently plead) essential facts related to her exhaustion of administrative remedies." *Id.* This argument is unpersuasive and misstates the procedural history of *Martin* (in which the personnel file claim was decided on summary judgment). *Martin*, 191 Wn.2d at 730–31.

Defendants bear the burden of proving that Lopez has not exhausted her administrative remedies. *See Akhtar*, 698 F.3d at 1210; *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1012 (9th Cir. 2023) ("However, [b]ecause the failure to exhaust is an affirmative defense that defendants must plead and prove, the ultimate burden of proving that the [plaintiff] has not exhausted his claims remains with the defendants."). Defendants have not brought a summary

judgment motion or presented evidence to prove their affirmative defense. *See* Dkt. 10 at 5–6. Nor does Defendants' motion address their burden or the legal authority discussed above. *See id.* If the affirmative defense was obvious on the face of Lopez's complaint, then Defendants may have raised their failure-to-exhaust defense in a motion to dismiss. *See Rivera*, 735 F.3d at 902. But as Defendants themselves acknowledge, *see* Dkt. 10 at 6, nothing in the complaint itself shows that Lopez failed to exhaust her administrative remedies. *See* Dkt. 1. There is no discussion of the administrative process in the complaint at all. *See id.* While Defendants might ultimately prevail on this defense at a later stage of the litigation, they cannot do so under the legal standard of Rule 12(b)(6). The Court therefore DENIES the motion to dismiss or strike the personnel file claim.

**D.    Request for Emotional Distress Damages**

Defendants argue that Lopez's request for emotional distress damages must be dismissed or stricken because it is not an available remedy under any of her claims. Dkt. 10 at 7. Defendants assert that the FMLA does not provide for non-economic damages and because the remedial provision in the Washington PFMLA is nearly identical to its federal counterpart, emotional distress damages are similarly unavailable under the state statute. *Id.* Defendants further argue that none of the wage-related state statutes include emotional distress damages as an available remedy. *Id.*

The FMLA provides that any employer who violates the statute is liable:

(A)    For damages equal to—

    (i)    the amount of--

        (I)    any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

        (II)    in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any

1

2

actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;

3

4

> (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

5

6

7

8

9

> (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

10

> (B) For such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

11

12

13

14

15

16

17

29 U.S.C. § 2617(a)(1). The Ninth Circuit has held that "recovery for emotional distress is not available under the FMLA because the FMLA specifically lists the types of damages that an employer may be liable for, and it includes damages only insofar as they are the *actual monetary losses* of the employee such as salary and benefits and certain liquidated damages." *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008) (collecting cases) (cleaned up).

18

19

20

21

22

23

24

The damages provision of the Washington PFMLA mirrors that of the FMLA. RCW 50A.40.030. And as the FMLA does, it "specifically lists the types of damages that an employer may be liable for," including only "actual monetary losses . . . such as salary and benefits and certain liquidated damages." *Farrell*, 530 F.3d at 1025; RCW 50A.40.030(3)–(5). When interpreting portions of Washington's previous family leave statute that mirrored the FMLA, Washington federal district courts held that it should be construed consistently with the federal statute. *Stewart v. Snohomish Cnty. PUD No. 1*, 262 F. Supp. 3d 1089, 1108 (W.D.

Wash. 2017), *aff'd sub nom. Stewart v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 752 F. App'x 444 (9th Cir. 2018) ("The WFLA mirrors its federal counterpart and provides that courts are to construe its provisions in a manner consistent with similar provisions of the FMLA.") (cleaned up); *see also Kopp v. Reardan/Edwall Sch. Dist. No. 009*, No. CV-07-216-LRS, 2009 WL 774122, at *8 n.4 (E.D. Wash. Mar. 19, 2009) ("The WFLA, however, appears to be identical to the FMLA and so it is reasonable to believe there are no substantive differences between the two Acts."). Consistent with these cases and the plain language of the PFMLA, the Court agrees that emotional distress damages are not available as a remedy for violations of the FMLA or PFMLA. *See Farrell*, 530 F.3d at 1025; *Stewart*, 262 F. Supp. 3d at 1108; RCW 50A.40.030.

Nor do any of the three wage-related statutes Lopez relies on provide non-economic damages as a remedy. *See* RCW 49.12.150; RCW 49.46.090; RCW 49.52.070. The civil action provision of the Washington Industrial Welfare Act states:

> If any employee shall receive less than the legal minimum wage, except as hereinbefore provided in RCW 49.12.110, said employee shall be entitled to recover in a civil action the full amount of the legal minimum wage as herein provided for, together with costs and attorney's fees to be fixed by the court, notwithstanding any agreement to work for such lesser wage. In such action, however, the employer shall be credited with any wages which have been paid upon account.

RCW 49.12.150. The Washington Minimum Wage Act provides:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

RCW 49.46.090. The Washington Wage Rebate Act states:

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the

amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

RCW 49.52.070. The civil liability provisions list lost wages and attorney's fees and costs but do not provide for emotional distress damages. RCW 49.12.150; RCW 49.46.090; RCW 49.52.070. Furthermore, Lopez does not present legal authority to support her claim that emotional distress damages are available for any of the wage-related state law claims. *See generally* Dkt. 1; Dkt. 10. The Court thus DISMISSES Lopez's claim for emotional distress damages under the operative complaint.

### E.    Leave to Amend is Granted

Lopez requests leave to amend her complaint to correct any deficiencies the Court identifies. Dkt. 11 at 7. Defendants oppose the request arguing Lopez "failed to articulate any facts that might support her request for leave to amend." Dkt. 15 at 6.

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). The Ninth Circuit has repeatedly held that "[e]ven if a complaint is deficient . . . 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)) (emphasis in original).

Lopez has not yet amended her complaint and the deficiencies in her claim for emotional harm damages may be curable if she provides additional factual allegations. For example, it is possible that Lopez could plead facts supporting a Washington Law Against Discrimination claim, which would entitle her to pursue emotional distress damages. At this stage of litigation, it

is premature to conclude that amendment would be futile. Accordingly, the Court GRANTS Lopez's request for leave to amend.

**F.    Agreement to Amend the Caption**

In the complaint, Lopez names Procare MSO as Defendant and subsidiary of Nutex Health Holdco, LLC. Dkt. 1-2 ¶¶ 1.3, 3.4. Defendants assert that Lopez wrongly identified Defendant Procare Health, Inc. as Procare MSO and that Defendant Procare Health, Inc. is not a subsidiary of Nutex Health, Inc. Dkt. 10 at 2; *see* Dkt. 1 at 3; Dkt. 6. In Lopez's response brief, she agreed "to change the case caption from ProCare MSO to ProCare Health, Inc. subject to additional discovery." Dkt. 11 at 7. The Clerk is therefore directed to AMEND the case caption to reflect Defendant ProCare's correct legal name of "Procare Health, Inc." *See* Dkt. 6.

### V.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Defendants' motion to dismiss the personnel file claim under RCW 49.12.250 is DENIED.

- Defendants' motion to dismiss the claim for emotional distress damages is GRANTED.

- Lopez's request for leave to amend is GRANTED. Lopez may file an amended complaint no later than January 8, 2025.

- The Clerk is directed to AMEND the case caption to reflect Defendant ProCare's correct legal name of "Procare Health, Inc."

Dated this 18th day of December, 2024.

Tiffany M. Cartwright
United States District Judge